FILED
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Savannah, Georgia
By lbarnard at 12:12 pm, Jul 08, 2013

# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

| | | |
|---|---|---|
| In the matter of: | ) | |
| | ) | Chapter 11 Case |
| INVESTORS LENDING GROUP, LLC | ) | |
| | ) | Number <u>11-41963</u> |
| *Debtor* | ) | |

## OPINION AND ORDER ON APPLICATION FOR ATTORNEYS' FEES

Currently pending before the Court is McCallar Law Firm's Application for Attorneys' Fees. Dckt. No. 415. A hearing was held on this matter on May 14, 2013. At the hearing, the Official Committee of Unsecured Creditors raised an objection to the Fee Application. After consideration of the record in this matter, the Court now enters the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

Investors Lending Group, LLC ("Debtor") filed its Chapter 11 case on September 21, 2011. An Official Committee of Unsecured Creditors (the "Committee") was appointed on October 17, 2011. Dckt. No. 18. Throughout Debtor's case, the Committee has been represented by McCallar Law Firm (the "Law Firm").

Ultimately, Debtor and the Committee filed a Joint Plan of Reorganization (the "Plan"). Dckt. No. 296. Bank of the Ozarks ("BTO") objected to confirmation of the

Plan. Dckt. No. 302. The Plan proposed to surrender seven of twelve of BTO's collateralized properties, and BTO contended that such a surrender would not provide it with the indubitable equivalent of its claim. *Id.*; Dckt. No. 296. After an evidentiary hearing on December 11, 2012, this Court ruled that the Plan would be confirmed if Debtor and the Committee amended the Plan to surrender to BTO properties worth $810,000.00 in value (based on the values set forth in the approved Disclosure Statement). Dckt. No. 392.

Debtor and the Committee amended the Plan in accordance with the Court's ruling, and the Plan was confirmed on January 29, 2013. Dckt. Nos. 399 and 404. Pursuant to the Plan, the Committee has assumed control of the reorganized Debtor. Dckt. No. 296.[1]

The Law Firm filed an Application for Attorneys' Fees (the "Fee Application") on March 22, 2013. Dckt. No. 415. It requested interim compensation of $74,032.12 in total, comprised of attorneys' fees in the amount of $67,279.75 and expenses in the amount of $6,752.37. *Id.* The compensation requested was for services rendered from the period of August 8, 2012 through March 20, 2013. *Id.* The partner of the Law Firm has practiced bankruptcy for over thirty-five years and has considerable experience handling

---

[1] The Plan provided, in relevant part, the following treatment for Class 5, Allowed Unsecured Claims:

Upon confirmation of the Plan, the sole member of the LLC shall transfer her entire ownership interest in Investors Lending Group, LLC, to the Continuing Entity. If this is not done within ten (10) days after the Effective Date, her interest will automatically be reduced to zero (0%). All unsecured creditors will be given a pro rata membership interest in the Continuing Entity based on each dollar of their unsecured claim in this case . . . .

Dckt. No. 296 at 12-13.

business reorganizations. The associate of the Law Firm has worked in bankruptcy for over eight years. The Order approving the Application to Retain the Law Firm as Counsel for the Committee adopted a rate of $375.00 an hour for the partner, and $275.00 an hour for the associate, which lies within the range of hourly rates charged by attorneys of similar experience and ability in the Southern District of Georgia who represent Chapter 11 debtors. Dckt. No. 34.[2]

At the hearing on the Fee Application, Paul Robinson, Chairman of the Board of Directors of the Reorganized Debtor, on behalf of the Committee, appearing without the assistance of counsel, orally objected to the Fee Application. The Court allowed Mr. Robinson to speak, but advised him that the Committee would need to be represented by counsel in any future hearings.

The Committee requested a reduction in the amount of fees by $16,440.00, and introduced an exhibit explaining how it calculated that amount. Committee's Exh. 1. After the hearing, the Committee submitted a supplemental exhibit further detailing its objection. Committee's Exh. 2. The principal basis for the Committee's objection is duplication of effort. As evidence for that contention, the Committee's exhibits highlight the times the Law Firm billed for time two attorneys spent conferring with each other in connection with the firm's representation of the Committee. Id. The Committee also objected

---

[2]The Law Firm later agreed to a reduced rate of $350.00 an hour for the partner and $250.00 an hour for the associate. Movant's Exh. 1. The Law Firm calculated this reduction to have saved the Committee $11,375.00. Id.

to both attorneys' presence at the December 11 confirmation hearing. *Id.* The Law Firm billed each of the attorneys' hourly rates: $350.00 per hour for the partner and $250.00 for the associate, for a total of $600.00 per hour for these times. Dckt. No. 415. Instead of that rate, the Committee argues that a reduced blended rate of $400.00 should have been applied. Movant's Exh. 1. In addition to this blended rate, the Committee also reduced the number of hours billed to create a "blended quantity"[3] of hours. *Id.* The Committee then multiplied the blended quantity by the blended $400.00 rate to determine what fees it contends should have been charged. *Id.* In total, the Committee disputes 82.2 "blended" hours of work billed. *Id.*

The Court provided the opportunity for the Law Firm to respond to the Committee's objection. At the hearing, the Law Firm introduced a May 3, 2013 letter it had sent to the Committee regarding the attorneys' fees charged. Movant's Exh. 1. The Law Firm also filed a letter brief with the Court on May 20, 2013. Movant's Exh. 2. The Law Firm argued that the Committee's exhibit included time entries that not only included time spent in conference by the two attorneys, but also time spent on other tasks.[4] *Id.* Thus, the Law Firm argues that the amount in dispute is inflated. The Law Firm reviewed its records and

---

[3]The Committee does not make clear how this blended quantity was calculated, nor does it explain why the hours were reduced to this blended quantity.

[4]For example, one time entry for the associate stated "Prepared amended documents for mailout of disclosure statement; conference with [Partner]; conference with jk re: mailout" for a total of .75 hours. Invoice, Dckt. No. 415. However, the Law Firm contends that the Committee's exhibits fail to distinguish between the amount spent in conference and the amount of time doing other work. Instead, the Law Firm argues that it appears from the Committee's exhibits that the Committee disputes the entire .75 hours rather than the portion of that time during which the two attorneys conferred. Movant's Exh. 2.

determined that the total time spent in conferences between both attorneys was 11.55 hours for each attorney, for a total of 23.1 hours. *Id.* The difference between the amount billed, using that estimated time, and the requested blended rate of $400.00 per hour is $2,310.00. The Law Firm has already offered to reduce the bill by $2,500.00, which it contends more than accounts for the blended rate reduction requested by the Committee. *Id.* In addition, the Law Firm notes that at the outset it had agreed to a rate lower than its typical rate for this type of case and waived charges for services it rendered prior to October 25, 2011.[5] *See* Dckt. No. 89.

No other objections to the Fee Application were raised, and this Court entered an Order Approving Attorneys' Fees and Expenses of $57,592.12, the amount of fees and expenses not in dispute. Dckt. No. 429. The Committee and the Law Firm both agreed that the Court should decide this matter based on the record without a further hearing. Having reviewed that record as supplemented, the Court finds that the Committee's objection should be overruled.

## CONCLUSIONS OF LAW

A bankruptcy court, after notice and a hearing, may award attorneys reasonable compensation for actual, necessary services and reimbursement of actual, necessary expenses. 11 U.S.C. § 330(a)(1). Attorneys' fees are to be determined under the

---

[5] These services would have cost the Committee $3,975.00. Movant's Exh. 1.

"lodestar" method, by multiplying the number of hours reasonably billed by a reasonable hourly rate. *In re* W.G. Shuckers, Inc., 232 B.R. 524, 527 (Bankr. S.D. Ga. 1999) (Davis, J.) (citing Norman v. Housing Authority of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)). That rate is then subject to adjustment.

In establishing reasonable compensation for counsel the court must base its determination on the nature, the extent, and the value of the legal services rendered, the time spent by counsel in rendering those services, and the cost of comparable services. *In re* Golf Augusta Pro Shops, Inc., 2004 WL 768576, at *1 (Bankr. S.D. Ga. 2004) (Dalis, J.). Relevant factors to consider include:

> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

> While a court has considerable discretion in awarding compensation for reasonable and necessary services, the Court shall not allow compensation for–
>
> (I) unnecessary duplication of services; or
>
> (ii) services that were not–
> (I) reasonably likely to benefit the debtor's estate; or
> (II) necessary to the administration of the case.

11 U.S.C. § 330(a)(4)(A). Thus, in establishing the number of hours reasonably expended, the Court is required to exclude "excessive, redundant or otherwise unnecessary hours." *In re* First American Health Care of Georgia, Inc., 212 B.R. 408, 414 (Bankr. S.D. Ga. 1997) (Davis, J.) (quoting Norman, 836 F.2d at 1301).

The fee applicant bears the burden of establishing the reasonableness of the fee request. *In re* Taylor, 242 B.R. 549, 552 (Bankr. S.D. Ga. 1999) (Davis, J.); *In re* Concrete Products, Inc., 1992 WL 12001764, at *32 (Bankr. S.D. Ga. 1992) (Davis, J.). However, "for the court to consider objections to fee and expenses requests, the objections must be as reasonably detailed as the fee and expense requests themselves." Golf Augusta Pro Shops, Inc., 2004 WL 768576, at *2; *see also* Norman, 836 F.2d at 1301 ("Generalized

◈AO 72A
(Rev. 8/82)

7

statements that the time spent was reasonable or unreasonable of course are not particularly helpful and not entitled to much weight.").

After reviewing the Fee Application filed by the Law Firm, the Court is satisfied that the compensation requested was reasonable and necessary for the representation of the Committee. The Law Firm secured a favorable result for the Committee in a complex Chapter 11 case, thus providing a clear benefit to creditors of the estate. Although the Committee's exhibits are meticulous and detailed, they show the "what" and not the "why" of their objection. The exhibits highlight various disputed time entries, but beyond the general objection to overlapping time entries by two attorneys handling the case, they do not demonstrate that the time was "unnecessary, redundant, or excessive."

In any complex case, the efforts of multiple counsel are not only desirable, but wise. By delegating tasks to counsel best equipped to handle a particular matter, the quality of representation is enhanced. Still, attorneys cannot operate in isolation. For a division of labor to make sense, counsel must communicate, collaborate on trial preparation, litigation and negotiation, questions of strategy, and the like. Those efforts, if reasonable and necessary, are compensable. *See* Norman, 836 F.2d at 1302 ("There is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer.").

While it is clear here that services were billed for two attorneys' legal work at the same time, the duplicated time was not excessive and appeared to maximize efficiency. The Law Firm reduced its typical fees and later agreed to an additional $2,500.00 reduction in compensation. Even if the Committee's objection were sustained, the Law Firm's prior concessions adequately address the Committee's requested fee reduction. As such, the Law Firm has acted in a way which meets the salutary goal of counsel exercising billing judgment in setting fees.

Accordingly, the Court holds that the Committee's objection should be overruled, and the Fee Application should be approved.

ORDER

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that McCallar Law Firm's Application for Attorneys' Fees (Dckt. No. 415) is GRANTED, less the $2,500.00 agreed upon reduction in compensation. The balance of the fees not covered by the Court's prior Order (Dckt. No. 429) is authorized for payment.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 28th day of June, 2013.